SARAH A. TRAVIS v. FRANK HALL ET AL.

Decided November 8, 1901.

**1.—Community Property—Title—Execution Sale Against Husband.**

Where plaintiff claimed, as heir of her mother, land which was community property of her parents, she was not entitled to recover it against one having title by a valid sale of the land under execution against her father.

**2.—Title by Limitations—Pleading—Trespass to Try Title.**

Where in trespass to try title plaintiff claimed by virtue of limitations and adverse possession for ten years she is not required to allege and prove that there was no coverture or other disability excusing the holders of the prior outstanding title from bringing suit within such ten-year period of adverse possession, since that is a matter of defense.

**3.—Same—Variance.**

Where plaintiff in trespass to try title alleged that she had been in possession of the land "more than ten years next before the filing of this suit," this was sufficient to admit evidence that she had been out of possession for several years next preceding the suit, but that the ten years limitation had been completed before she lost possession, and an objection that such evidence did not conform with the pleading was not tenable.

Appeal from Harris. Tried below before Hon. W. H. Wilson.

*Ingham S. Roberts,* for appellant.

*Fisher & Sears,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title brought by Sarah A. Travis against Frank Hall and others for the recovery of the north half of the south half of block 34, of the James S. Holman survey, in Harris County. Plaintiff claimed the land by inheritance from her mother as well as by limitation of ten years. The defendants pleaded not guilty, under which they introduced evidence of an outstanding title. They also pleaded limitation of ten years and introduced evidence in support thereof. The cause was tried before the court without a jury, and judgment was rendered in favor of the defendants for the reason that the plaintiff had failed to support her proof of limitation as against the outstanding title by affirmative proof of want of disability to sue in the owner of the outstanding title. From the conclusions filed by the trial judge it appears that the land in controversy was conveyed to Sarah Travis, wife of N. W. Travis, in 1845; that in 1842 a judgment was rendered against N. W. Travis by the District Court of Harris County for the costs of a suit in that court; that by virtue of an execution issued on that judgment in 1846, the land was levied upon and sold as the property of N. W. Travis, and that John Doran became the purchaser thereof. That the plaintiff was the heir of Sarah Travis and her husband, N. W. Travis, and would be entitled to the land but for the execution sale, which the court held valid. The court further found that the plaintiff had had and held such adverse posses-

sion of the land between the years of 1870 and 1890 as would confer title by the statute of ten years limitation, but that an outstanding title having been shown in John Doran, it was necessary for the plaintiff to show that there was no disability on the part of any owner of such outstanding title as would prevent the running of limitation. The court declined to find upon the issue of limitation made by the defendants.

We are of the opinion that the execution sale of the land was good against collateral attack, and since it appears that the land was community property of N. W. Travis and his wife, an outstanding title in John Doran was shown. Hence the plaintiff was not entitled to recover as the heir of Sarah Travis and her husband. But it was shown that the plaintiff took possession of the land about the year 1876, claiming it as her own, and held continuous adverse possession thereof by a tenant for more than ten years in such manner as to confer title on her by limitation. It was not necessary for the plaintiff to anticipate and prove affirmatively in support of her title by limitation that there was no coverture or other disability on the part of John Doran or any of his heirs or assigns to prevent the running of limitation. In City of Austin v. Hall, 93 Texas, 591, in which the prescriptive right to a public road was claimed, the court held that where the right was claimed against one other than the defendant in a suit or some person under whom he claims, the plaintiff must prove his right, and that no disability existed with the person from whom he claims to have derived the right. But in the case referred to an easement in the land was claimed by the acquiesence of the owner in possession for the longest period of limitation. In such case the plaintiff claiming the easement in order to show acquiescence of the owner who is not a party to the suit is required to show want of disability to sue on the part of the owner. The statute confers full title upon the person holding adverse possession for the prescribed period. Rev. Stats., art. 3347. Disability as an answer must be pleaded whenever it is relied upon by a party to the suit. So must limitation when relied on be pleaded. Plaintiff pleaded title by limitation as required by statute. The defendants under their plea of not guilty upon the general issue put in proof an outstanding title, which in this case is more than fifty years old. Plaintiff was in possession of the land and ought not to be required to have a knowledge of the status of the holders of the outstanding title. There would be some reason in requiring her to show the status of owners in possession of land against whom she was claiming an easement by prescriptive right. Limitation and disability are both defensive in their nature, are prescribed and defined by statute, and are required to be pleaded when relied on. To establish an easement by prescription the party asserting it must affirmatively show acquiescence on the part of the owner of the fee who is in possession, and in order to show acquiescence must show that the owner was sui juris and not resting under any disability to sue. On the other hand a person asserting title by limitation perfects it by possession of the land to the entire exclusion of the owner

and all others for the prescribed statutory period, and from the nature of the case it would be unreasonable, in making affirmative proof of his title by limitation, to require him to take cognizance of the status of every person who might be shown under a plea of not guilty to have an adverse title. So far as we have been able to discover the precise question has not been decided, and we do not believe that the rule applied to easements in the fee to land acquired by prescription should be extended to the absolute title that may be acquired by limitation. We are therefore of the opinion that the court erred in so holding.

In her petition the plaintiff, setting out her title by limitation, averred that she had been in possession "more than ten years next before the filing of this suit." The evidence showed that she had been out of possession for several years next preceding the filing of the suit, but that ten years limitation had been completed before she lost possession. Defendants urge, as a reason for affirmance, that the plaintiff's evidence did not correspond with the pleading and that judgment was properly rendered for them. We think the allegation was sufficient to admit the evidence. It is also urged by the defendants as a reason why the judgment in their favor should be affirmed that it was shown by the undisputed evidence that the defendants had acquired title by limitation of ten years after the possession of the plaintiff had ceased. To this we do not agree. We deem it unnecessary to set out the evidence; and as the court declined to find upon this issue, and the judgment must be reversed for the reason given, the cause will be remanded for another trial.

*Reversed and remanded.*